UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARC A. EARLEY,

        Plaintiff,

v.

NDOC, *et al.*,

        Defendants.

Case No. 2:23-cv-01960-JAD-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel.  ECF No. 13. The Court considered Plaintiff's Motion together with the underlying Complaint (ECF No. 8) and the Court's Screening Order (ECF No. 7).

As a general proposition, a civil litigant has no right to counsel.  *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for indigent civil litigants in "exceptional circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases).  When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  However, a court "is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record."  *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

In reviewing the instant Motion, the Court finds Plaintiff previously filed three complaints against the Nevada Department of Corrections ("NDOC") and various department officials.  These cases include: *Earley v. NDOC, et al.*, Case No. 3:22-cv-00392-ART-CLB (*Earley I*); *Earley v. NDOC, et al.*, Case No. 3:22-cv-00460-ART-CSD (*Earley II*); *Earley v. Kitchen Staff ESP, et al.*,

Case No. 2:23-cv-00085-RFB-VCF (*Earley III*); and *Earley v. NDOC, et al.*, Case No. 2:23-cv-00158-MMD-BNW (*Earley IV*).  Though the alleged facts differ among these cases, all involve Eighth Amendment challenges to prison conditions.  Two cases were resolved through settlement following an inmate early mediation on August 15, 2023; the latter two were resolved through settlement on December 15, 2023.  Further, *Earley IV* and the present case involve claims of deliberate indifference to medical needs; specifically, Plaintiff's alleged sarcoidosis.  ECF No. 8 at 2; *Earley IV*, ECF No. 1-1.

In each of Plaintiff's cases he requested appointment of pro bono counsel.  In each of these requests, Plaintiff alleged he suffers from dyslexia and other "mental health disorders" that necessitate the appointment of counsel.  *Earley I*, ECF No. 10; *Earley II*, ECF No. 6; *Earley III*, ECF No. 1-2; *Earley IV*, ECF No. 1-2.  Each time, this request has been denied with every judge having found Plaintiff does not meet the exceptional circumstances requirement.  *Earley I*, ECF No. 12; *Earley II*, ECF No. 8; *Earley III*, ECF No. 5, *Earley IV*, ECF No. 4.  The Court finds no reason to depart from these previous decisions.  While the Court acknowledges Plaintiff has more thoroughly explained in the instant Motion how he feels his conditions limit his ability to advocate on behalf of himself, the Court also acknowledges that Plaintiff was able to successfully settle each of his previous claims against NDOC officials.  This fact alone belies the assertion that Plaintiff cannot successfully advocate on his own behalf.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 13) is DENIED.

Dated this 23rd day of September, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE